**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REYNALDO MENDOZA-ORTIZ,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 07-71530<br><br>Agency No. A092-484-477<br><br>MEMORANDUM[*] |
| REYNALDO MENDOZA-ORTIZ,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 07-74163<br><br>Agency No. A092-484-477 |
| REYNALDO MENDOZA-ORTIZ,<br><br>    Petitioner,<br><br>  v. | No. 08-72495<br><br>Agency No. A092-484-477 |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

Reynaldo Mendoza-Ortiz ("Mendoza-Ortiz") petitions for review of two BIA decisions: (1) denying his motion to reopen as time barred; and (2) affirming an immigration judge's ("IJ") denial of a continuance to allow Mendoza-Ortiz to submit fingerprints for a background check. We review the BIA's denial of a motion to reopen for abuse of discretion. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). "The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law." *Id.* at 678 (internal quotation marks omitted). We also review an IJ's denial of a continuance for abuse of discretion. *Malilia v. Holder*, 632 F.3d 598, 602 (9th Cir. 2011); *Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008).

Mendoza-Ortiz has been a lawful permanent resident since 1989. He was placed in removal proceedings following a conviction for violation of California

2

Penal Code § 273.5(a). Mendoza-Ortiz was represented by counsel in the removal proceedings. Mendoza-Ortiz conceded removability and applied for cancellation of removal.

The IJ advised Mendoza-Ortiz that he had to obtain a "fingerprint INS check" prior to the merits hearing on his application for cancellation of removal. Mendoza-Ortiz failed to obtain the required fingerprint background check. Counsel told the IJ that his office had mistakenly advised Mendoza-Ortiz that he had completed all required background checks. Nonetheless, the IJ denied Mendoza-Ortiz's request for a continuance to complete the fingerprinting and background check. Mendoza-Ortiz timely appealed to the BIA, which affirmed the IJ on April 10, 2007. Counsel filed a timely motion to reopen on July 9, 2007, which the BIA properly denied because it was incomplete. Mendoza-Ortiz met with new counsel on October 24, 2007, and then again on November 9, 2007 to review the file obtained from prior counsel. His new counsel filed a second motion to reopen on February 7, 2008, which was denied as time and number barred.

An alien is generally limited to one motion to reopen, which must be filed within ninety days of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). We have "long afforded equitable tolling of deadlines and numerical limitations to aliens who are prevented

3

from timely or adequately filing due to ineffective assistance of counsel."
*Avagyan*, 646 F.3d at 682. Tolling will often continue until "the alien obtains a complete record of his immigration proceedings and is able to review that information with competent counsel." *Id.* at 679. The time for Mendoza-Ortiz to file his motion to reopen was equitably tolled until November 9, 2007 and his second motion to reopen was timely filed within ninety days of that date. The BIA therefore abused its discretion in denying Mendoza-Ortiz's second motion to reopen as time barred.

"Although there are no bright-line rules for deciding when an IJ's denial of a continuance warrants reversal, it is clearly an abuse of discretion for an IJ to deny a request from an otherwise diligent applicant for a short continuance to submit fingerprints . . . ." *Cui*, 538 F.3d at 1295–96. We have adopted a four-factor test for evaluating an IJ's denial of a continuance. *Id.* at 1292. Applying the test here, we conclude that the IJ abused his discretion in denying Mendoza-Ortiz's request for a continuance because it was apparent from the record that Mendoza-Ortiz had been diligent in pursuing his application for cancellation of removal and had been hindered by prior counsel's ineffective performance.

On remand, the BIA should adjudicate Mendoza-Ortiz's motion to reopen on the merits. If the BIA denies the motion to reopen, it should nonetheless grant

4

Mendoza-Ortiz a new hearing to present his application for cancellation of removal.

**GRANTED and REMANDED.**

Mendoza-Ortiz v. Holder, 08-72495+

SILVERMAN, Circuit Judge, concurring:

I concur in the Memorandum, but write separately to note that our conclusion that the BIA abused its discretion in denying the motion to reopen is premised on *Avagyan v. Holder*, 646 F.3d 672 (9th Cir. 2011), which was not on the books when the BIA decided Mendoza-Ortiz's motion to reopen.

I also write to express my empathy with the IJ, who explained to the alien exactly what he needed to do as far as the fingerprints were concerned, only to be undermined by the alien's own lawyer. The lawyer's conduct here was inexcusable, but the client's reliance on his lawyer was not. Under these circumstances, the alien should have been given another chance to properly submit his fingerprints. *See Cui v. Mukasey*, 538 F.3d 1289 (9th Cir. 2008), decided after this matter was before the IJ.