NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARAY LAURENCIO CESPEDES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-71825

Agency No. A203-700-477

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2022
San Francisco, California

Before:  W. FLETCHER and KOH, Circuit Judges, and KANE,[**] District Judge.

Aray Laurencio Cespedes ("Petitioner"), a native and citizen of Cuba,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

dismissing her appeal from an order of the Immigration Judge ("IJ") denying her

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We grant the petition for review and remand to the BIA for proceedings consistent with this disposition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019).  We review for abuse of discretion an IJ's denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

Petitioner argues that the IJ's denial of her first and only motion for a continuance was a clear abuse of discretion.  We agree.  An IJ's discretion to grant or deny a continuance for "good cause shown," 8 C.F.R. § 1003.29, is "not without limits," *Ahmed*, 569 F.3d at 1012.  The "IJ—and, on appeal, the BIA—should consider factors including '(1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted.'" *An Na Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012) (quoting *Ahmed*, 569 F.3d at 1012).

Here, neither the IJ nor the BIA analyzed the *Ahmed* factors.  Petitioner moved for a continuance because she had not yet received evidence in support of her application.  The IJ summarily denied the motion on the eve of the merits

2

hearing.

The IJ not only failed to address the first *Ahmed* factor—the nature of the evidence excluded—but also prohibited Petitioner from describing the evidence she hoped to obtain from Cuba. Rather than making an "individualized inquiry" into Petitioner's circumstances, *Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074, 1080 (9th Cir. 2007), the IJ curtailed her testimony. Thus, we reject the government's contention that Petitioner must "explain exactly what evidence [she] would have presented" had the IJ granted a continuance. *Cf. Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir. 2000).

The IJ also failed to consider the second *Ahmed* factor—the reasonableness of Petitioner's conduct. The IJ failed to articulate why it was unreasonable for Petitioner, a non-English-speaker in detention without counsel who had less than ninety days to obtain and translate documents from Cuba, to request one thirty-day continuance four days before the deadline for the submission of evidence and over two weeks in advance of the merits hearing. The IJ rebuked Petitioner for bringing evidence to the merits hearing, but because the IJ denied the continuance one day before the hearing, Petitioner's only option was to bring the evidence in her possession to the hearing. These circumstances do not suggest that Petitioner conducted herself unreasonably. *See, e.g.*, *Mendoza-Mazariegos*, 509 F.3d at 1080–81.

Nor did the IJ consider the third and fourth *Ahmed* factors. The IJ provided no explanation of how a timely first request for a continuance would have inconvenienced the immigration court.

By "failing to take into account any of the facts and circumstances of [Petitioner]'s case that were relevant to the grant or denial of a continuance," *see Ahmed*, 569 F.3d at 1014, the IJ abused her discretion, and the BIA did not cure the IJ's errors, *Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019); *cf. Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019). We remand for a full rehearing on an open record at which Petitioner can present all available evidence in support of her application.

In light of our conclusion that the agency abused its discretion in denying the motion for a continuance, we need not address Petitioner's due process claims.

**PETITION GRANTED AND REMANDED.**