**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN HERNANDEZ-HERNANDEZ, | No. 19-70078 |
| Petitioner, | Agency No. A205-316-086 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2022[**]
Portland, Oregon

Before:  EBEL,[***] W. FLETCHER, and CLIFTON, Circuit Judges.

Ruben Hernandez-Hernandez petitions for review of the decision of the

Board of Immigration Appeals ("BIA") dismissing his appeal from his final order

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

of removal to Mexico. The Immigration Judge ("IJ") denied him a thirteenth continuance to file an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Hernandez-Hernandez argues (1) that the IJ abused his discretion in denying him a continuance and (2) that the denial of the continuance violated his right to due process. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

1. We review a denial of a continuance for abuse of discretion. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). The agency denied a thirteenth continuance after more than four years of immigration proceedings. During the proceedings, the IJ granted Hernandez-Hernandez twelve continuances to apply for a U-Visa and appeal from the denial of his application, and through counsel, he repeatedly waived any other form of relief from removal. The record demonstrates that both the IJ and the BIA conducted an individualized review of his request for a continuance. *Cf. Ahmed v. Holder*, 569 F.3d 1009, 1014 (9th Cir. 2009) (holding that an IJ's failure to make any inquiry into whether good cause for a continuance exists is an abuse of discretion); *Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019) (holding that the BIA's failure to rationally analyze the individual factors favoring a continuance is an abuse of discretion). Under the

2

factors set forth in *Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008), the denial of a thirteenth continuance was not an abuse of discretion.

2.  We review de novo claims of due process violations in removal proceedings.  *Oshodi v. Holder*, 729 F.3d 883, 889 (9th Cir. 2013) (en banc).  To prevail on a due process claim, the petitioner must demonstrate that the challenged proceeding "was so fundamentally unfair that the alien was prevented from reasonably presenting his case" and that the alleged violation potentially altered the outcome of the proceedings.  *Cruz Rendon*, 603 F.3d at 1109 (citing *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)).  Hernandez-Hernandez fails to satisfy both requirements.

Hernandez-Hernandez had ample opportunities over the course of his removal proceedings to apply for asylum, withholding, and CAT protection, but he repeatedly waived seeking those forms of relief.  It was only after the IJ denied him a thirteenth continuance, after the appeal of his U-Visa application denial had been rejected, that he asserted changed circumstances and requested an opportunity to file an I-589 application for asylum, withholding, and CAT protection.  Given this lengthy procedural history and Hernandez-Hernandez's legal representation throughout, the IJ's denial of the continuance and leave to file a belated I-589 application does not rise to the level of being "so fundamentally unfair" as to

3

violate Hernandez-Hernandez's constitutional right to due process. *See id.* His attorneys' multiple waivers are binding on Hernandez-Hernandez because they were strategic, and he has not shown any egregious circumstances that would relieve him of their effect.[1] *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 831–32 (9th Cir. 2011).

**PETITION DENIED**.

---

[1] To the extent that Hernanez-Hernandez seeks review of a claim of ineffective assistance of counsel, we lack jurisdiction to reach it due to his failure to raise it before the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam).