**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IBRAHIN CUTIÑO ESPINOSA,
                    Petitioner,

        v.

MERRICK B. GARLAND, Attorney
General,

                    Respondent.

No.    20-73145

Agency No. A213-361-729

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2022
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and AMON,[**] District Judge.

Ibrahin Cutiño Espinosa petitions for review of the Board of Immigration Appeals' ("BIA") decision to uphold the Immigration Judge's ("IJ")[1] denial of his applications for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

[1] The BIA and the IJ are referred to collectively as "the Agency."

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and grant the petition and remand to the BIA for reconsideration of Cutiño Espinosa's claims.

**1.** Factual findings, including adverse credibility determinations, are reviewed under the highly deferential substantial evidence standard, meaning they "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)). Since the BIA issued its own decision but adopted specific portions of the IJ's ruling, we review both, "[b]ut we 'do not review those parts of the IJ's adverse credibility finding that the BIA did not identify as "most significant" and did not otherwise mention.'" *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (quoting *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)). Here, the BIA affirmed the IJ's adverse credibility determination based on one omission and one discrepancy in Cutiño Espinosa's testimony but declined to reach the IJ's other cited grounds. Neither reason cited by the BIA was an appropriate basis for finding him not credible.

First, in his asylum application and his declaration, Cutiño Espinosa testified that in September 2016, he was beaten and threatened by Cuban police, who then detained him for five days. During his hearing, the IJ asked Cutiño Espinosa if he required medical treatment during this time, and Cutiño Espinosa responded that

2

he was taken to the doctor.

The Agency erred in relying on Cutiño Espinosa's failure to mention in his declaration that he was taken for a medical visit as one of the bases for finding him not credible. In general, "omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony." *Lai*, 773 F.3d at 971. Further, when "the omitted information was not *inconsistent* with the statements in [the petitioner's] asylum application, his direct testimony, or any other evidence in the record" it is less likely to undermine his credibility. *Iman*, 972 F.3d at 1068. Here, Cutiño Espinosa's mention of being taken to the doctor was an omission that did not contradict his earlier testimony. It is additionally significant that Cutiño Espinosa did not volunteer that he was taken for medical treatment, but rather, responded to a question from the IJ. It was not an attempt to "volunteer[] new information at the merits hearing in an effort to buttress his claims through eleventh-hour testimony." *Id.*

The second basis for the adverse credibility finding was a date discrepancy regarding Cutiño Espinosa's testimony about his November 2018 detention. Cutiño Espinosa stated in his asylum application that on November 17, 2018 he was "beat[en] and dispatriotized forcefully." However, during testimony and in his declaration, he stated he was actually arrested on November 10, 2018 and released on November 17, 2018, and beaten several times during the intervening days—but

3

not specifically on November 17.  "[T]o support an adverse credibility determination, an inconsistency must not be trivial and must have some bearing on the petitioner's veracity.  As we have repeatedly held, 'minor discrepancies in dates that . . . cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility.'"  *Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011) (citation omitted) (quoting *Singh v. Gonzales*, 403 F.3d 1081, 1092 (9th Cir. 2005) (omission in original)).  We find this inconsistency to be trivial.  At worst, Cutiño Espinosa was off by a few days, and this Court has excused inconsistencies covering larger time periods.  *See*, *e.g.*, *id.* (excusing discrepancy between petitioner's declaration that his arrest was July 13, 2004 and his testimony that his arrest occurred "four, five, [or] six months" before leaving China in February 2005).  Furthermore, Cutiño Espinosa clarified and self-corrected the date.  *See id.* at 1087 (discounting a date inconsistency in part because it was "quickly-corrected").

Even under the highly deferential substantial evidence review, the credibility determination made here cannot be affirmed.  The BIA's cited grounds do not constitute substantial evidence supporting an adverse credibility determination when viewed in light of the totality of Cutiño Espinosa's written and oral testimony.  *Alam v. Garland*, 11 F.4th 1133, 1135-37 (9th Cir. 2021) (en banc).  We remand to the BIA to consider in the first instance the remaining grounds

4

provided by the IJ. If on remand the Agency determines that Cutiño Espinosa is credible but that his testimony is insufficient to meet his evidentiary burden, he must be provided notice and opportunity to present additional corroborating evidence. *Zhi v. Holder*, 751 F.3d 1088, 1095 (9th Cir. 2014) (holding that when the Agency "must revisit the adverse credibility determination[,] . . . . [i]f additional corroborative evidence is deemed necessary for [the petitioner] to carry his burden of proof, then the notice requirements in *Ren*[, 648 F.3d at 1090-93] apply").

**2.** The BIA also erroneously upheld the IJ's denial of Cutiño Espinosa's requested continuance. Cutiño Espinosa sought a continuance so that he could present additional documents that had not yet arrived. The IJ denied his request because he found Cutiño Espinosa did not exercise due diligence. The Agency's denial of a continuance is reviewed for abuse of discretion. *Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019). Here, the Agency's denial was an abuse of discretion.

Per 8 C.F.R. § 1003.29, an IJ "may grant a motion for continuance for good cause shown." We have identified four factors to be considered when determining whether there is good cause for a continuance: "(1) the importance of the evidence, (2) the unreasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Cui v. Mukasey*,

5

538 F.3d 1289, 1292 (9th Cir. 2008). In *Pleitez-Lopez*, we held "that the BIA's decision to deny a continuance was an abuse of discretion" because "[t]he BIA failed to analyze all the *Cui* factors." 935 F.3d at 719. Here, the Agency improperly assessed the second factor, the reasonableness of Cutiño Espinosa's conduct, and failed to even address the other three factors.

Contrary to the Agency's conclusion, Cutiño Espinosa has demonstrated that there was "good cause" for a continuance in accordance with the *Cui* factors. First, the denial was sought for witness statements and testimony that would have corroborated Cutiño Espinosa's connections to his stated political advocacy group. Second, Cutiño Espinosa's conduct was not unreasonable because he made it clear on March 5, 2020 when the IJ was setting the hearing date for March 27, 2020 that documents were still on their way. Further, the Agency did not take into account the effect of the COVID-19 pandemic on the reasonableness of Cutiño Espinosa's conduct and expectations about the documents' arrival. Even without the delaying effect of a global pandemic, this Court has previously stated that it is "unsurprising" when a petitioner is unable "to marshal significant documentary evidence" within two months—the same time window at issue here—because it is such a "short time frame." *Cruz Rendon v. Holder*, 603 F.3d 1104, 1110 (9th Cir. 2010). Third, the Agency did not give any reason why a continuance would cause anything more than, at most, a minor inconvenience; even the Government did not

6

oppose the continuance. Fourth, no other continuances had been granted. Our analysis of the *Cui* factors demonstrates that the IJ abused his discretion in denying Cutiño Espinosa's requested continuance. On remand, Cutiño Espinosa must be given the opportunity to present the documents for which he sought a continuance.

Cutiño Espinosa argues that not only was the denial of the continuance an abuse of discretion, but also a due process violation. However, we need not reach this issue, nor the others raised in his brief, as we have already determined that remand for the Agency to consider Cutiño Espinosa's additional evidence is the appropriate course of action.

The petition for review is **GRANTED**, and all of Cutiño Espinosa's claims are **REMANDED** for further proceedings consistent with this memorandum.