**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IGNACIO VERDEJA AGUAYO, | No. 20-73106 |
| Petitioner, | Agency No. A215-927-139 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2022[**]
Honolulu, Hawaii

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Petitioner Ignacio Verdeja Aguayo, a native and citizen of Mexico, petitions

for review of a decision by the Board of Immigration Appeals ("BIA") affirming

the denial by an immigration judge ("IJ") of his motion to continue removal

proceedings. Verdeja Aguayo sought a continuance to allow him to pursue a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

motion to reopen and appeal of the denial by U.S. Citizenship and Immigration Services ("USCIS") of an I-130 petition for lawful permanent resident status that his son had filed on his behalf. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *see Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019), we deny the petition.[1]

The BIA did not abuse its discretion in concluding that "good cause" did not exist for the IJ to grant a continuance under these circumstances. *See* 8 C.F.R. § 1003.29. The IJ reasonably determined that a continuance was not warranted because Verdeja Aguayo had not demonstrated that he was likely to succeed in overturning USCIS's denial of the I-130 petition. *See Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 412 (A.G. 2018) ("[W]hether good cause exists for a continuance for a collateral proceeding . . . should turn primarily on the likelihood that the collateral relief will be granted and will materially affect the outcome of the removal proceedings."). The I-130 petition was deemed abandoned by USCIS because no timely response was received to a Request for Evidence, and Verdeja

---

[1] Verdeja Aguayo represents that he plans further challenges to the I-130 denial through a motion to reconsider with the BIA and a lawsuit in federal district court. Because a continuance would allow Verdeja Aguayo to continue to pursue collateral relief and prevent a final order of removal entirely if he succeeds, there is "some remaining collateral consequence that may be redressed by success on the petition." *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 935 (9th Cir. 2016) (per curiam) (citation and quotation marks omitted). Therefore, the petition for review is not moot.

Aguayo presented no persuasive evidence or legal argument that the agency would reverse its decision and decide the I-130 petition on the merits. It was thus not arbitrary or irrational for the BIA and IJ to determine it was "speculative" whether the I-130 denial would be overturned. *See Pleitez-Lopez*, 935 F.3d at 719 ("The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law." (citation omitted)). The BIA's decision was also supported by the IJ's numerous prior continuances and DHS's opposition to a further continuance. *See L-A-B-R-*, 27 I. & N. Dec. at 415 ("[G]ermane secondary factors may include . . . DHS's position on the motion for continuance . . . [and] the number of hearings held and continuances granted previously.").

Verdeja Aguayo's arguments are unavailing. The BIA was not required to "expressly address" the factors enumerated in *Ahmed v. Holder*, 569 F.3d 1009 (9th Cir. 2009) and *Cui v. Mukasey*, 538 F.3d 1289 (9th Cir. 2008). *See Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019). Nor do our cases applying those factors indicate that the BIA abused its discretion here. The BIA did not err in weighing the prior history of continuances, which were largely requested by Verdeja Aguayo, against another continuance. *See Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (weighing just three prior continuances against a further continuance). Likewise, the BIA did not err in weighing Verdeja Aguayo's low likelihood of success against a continuance. *See id.* (weighing against continuance

3

that the petitioner "previously sought" the same form of collateral relief "to no avail"). Finally, Verdeja Aguayo fails to show that the absence of inconvenience renders the denial an abuse of discretion.

**PETITION DENIED.**[2]

---

[2] The motions to supplement the record on appeal are denied as moot. Dkt. 39, 41.