NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 30 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN FERNANDO MORENO, AKA Juan Moreno,<br><br>              Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.   18-72537<br><br>Agency No. A200-246-777<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2022[**]
Pasadena, California

Before:  RAWLINSON and CHRISTEN, Circuit Judges, and SIMON,[***] District Judge.

Juan Fernando Moreno (Moreno), a native and citizen of Mexico, petitions

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

for review of a Board of Immigration Appeals (BIA) decision denying his application for cancellation of removal. He makes two arguments. First, Moreno contends that the BIA abused its discretion by affirming the decision of the Immigration Judge (IJ) denying Moreno's request for an additional continuance after several had been granted already. Second, Moreno challenges the denial of his motion to remand sua sponte. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We **DENY** in part and **DISMISS** in part.

1.      We review an agency's denial of a motion for continuance for abuse of discretion. *Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019).

The BIA did not abuse its discretion by affirming the IJ's denial of Moreno's motion for an additional continuance. In December 2011, the Department of Homeland Security (DHS) commenced removal proceedings against Moreno. Between 2012 and 2016, Moreno received several continuances, including three continuances to permit him to retain counsel, two continuances for attorney preparation (one of which was caused by Moreno's failure to respond to his counsel for more than eight months), and one continuance to wait for his United States citizen child to be born. At his August 2016 merits hearing, Moreno asked for a further continuance to begin seeking expungement of a 2012 conviction, after which he hoped to request a favorable exercise of the DHS's prosecutorial discretion. Counsel for DHS responded that based on her review, DHS would

likely not grant Moreno prosecutorial discretion even if he successfully expunged his conviction. The IJ denied Moreno's request for lack of good cause. At the conclusion of the hearing, Moreno reiterated his request for a continuance, adding that he needed time to divorce his wife and marry his girlfriend so that her two United States citizen daughters would become his stepdaughters and additional qualifying relatives. The IJ denied that request, finding no good cause and noting that the case had been on the docket since 2012.

The BIA did not abuse its discretion by agreeing that Moreno failed to show good cause. The possibility that Moreno might expunge his conviction and then obtain prosecutorial discretion from DHS is not good cause. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ was not required to grant a continuance based on . . . speculation[]."). Also, Moreno had four years to pursue this relief and at least one year to prepare for his merits hearing.

Moreno's reliance on *Malilia v. Holder*, 632 F.3d 598 (9th Cir. 2011), is misplaced. Unlike the petitioner in *Malilia*, Moreno moved for additional continuances and his need for more time was attributable to his own delay, not the agency's. *Id*. at 604. Moreno also contends that the BIA might have been improperly influenced by the fact that his new qualifying relatives would be stepchildren, not biological children. Moreno, however, cites no evidence to support his statement and none appears in the record.

3

**2.** Under 8 U.S.C. § 1229a(c)(7)(C)(i), a motion to reopen must be filed within 90 days of the final order of removal. "The formal requirements of the motion to reopen and those of the motion to remand are for all practical purposes the same." *Rodriguez v. I.N.S.*, 841 F.2d 865, 867 (9th Cir. 1987). Thus, motions to remand must also comply with the 90-day deadline. *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir. 2003).

Even after 90 days have passed, the BIA retains inherent authority to reopen or remand a case in exceptional circumstances. *Bonilla v. Lynch*, 840 F.3d 575, 584-85 (9th Cir. 2016). A motion to reopen filed after the 90-day deadline is known as a "motion to reopen sua sponte." *Id*.

We lack jurisdiction, however, to review a denial of a motion to remand sua sponte for abuse of discretion. *Ekimian v. I.N.S.*, 303 F.3d 1153, 1159 (9th Cir. 2002); *Bonilla*, 840 F.3d at 586 (citing *Ekimian*). We retain jurisdiction over such a denial only to determine whether the agency rendered its decision based on a misunderstanding of law, a change in the law, or to avoid constitutional error. *Bonilla*, 840 F.3d at 588; *see also Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020) ("BIA denials of sua sponte relief premised on legal or constitutional error remain the one narrow exception to our rule that the agency's sua sponte authority is not subject to judicial review." (quotation marks omitted)). In his petition, Moreno argues only that the denial of the motion to remand sua sponte was an

4

abuse of discretion. He has not identified any misunderstanding of law, change in the law, or constitutional error, and we have found none. Accordingly, we do not have jurisdiction to review the challenged denial of the motion to remand sua sponte.

**PETITION DENIED IN PART AND DISMISSED IN PART.**