**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ADELINA GUARDADO; et al., | No. 18-71255 |
| Petitioners, | Agency Nos. A206-700-188 |
| v. | A206-700-189 |
| | A206-700-190 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2023**
Pasadena, California

Before: KLEINFELD, HURWITZ, and R. NELSON, Circuit Judges.

Maria Guardado, Jorge Alvarez-Guardado, and Jennifer Alvarez-Guardado

petition for review of the Board of Immigration Appeals's decision affirming an

immigration judge's denials of their applications for asylum, withholding of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, protection under the Convention Against Torture (CAT), and a motion for continuance. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). The Board conducted its own review of evidence and law, so we review its decision. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We deny the petition.

The Board correctly decided that the threats petitioners received did not rise to the level of past persecution.[1] Threats alone can constitute past persecution "in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (internal quotation marks and citation omitted). "Unfulfilled threats are very rarely sufficient to rise to the level of persecution . . . ." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021). This case is not in that small category. As petitioners testified, although they received threats from the gangs, no threats were ever carried out.

Further, substantial evidence supports the agency's factual determination that Guardado failed to establish that the gangs would persecute her because of her

---

[1] We need not decide whether the Board's determination is subject to de novo or substantial-evidence review, because it passes both standards. *Cf.* Singh v. Garland, 57 F.4th 643, 652 (9th Cir. 2022) ("[W]e need not address whether de novo review should apply, or discuss the nuances of the two standards, because the harm Singh suffered rose to the level of persecution under the more deferential substantial evidence standard of review.") (internal quotations and alteration omitted).

membership in the social group of "Salvadoran business owners who on account of their business ownership alone fall victim to gang violence and [un]lawfulness" or "a family [that] actively opposes gang violence and [un]lawfulness." *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (standard of review). Substantial evidence supports the proposition that the gangs would extort anyone who they believed had money, regardless of whether they belong to one of these social groups. Indeed, Guardado testified that she faced extortion not only when she was operating the tortilla shop but also as a parent of a school child. Since Guardado failed to establish any nexus between her feared persecution and a social group, her asylum and withholding claims fail. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). In addition, the agency correctly followed our precedent in holding that the gangs' recruitment efforts towards Jorge and Jennifer do not give rise to a protected ground. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200 n.7 (9th Cir. 2023) (collecting cases).

As to the agency's denial of CAT protection, substantial evidence supports the agency's factual determination that petitioners failed to establish torture as defined by the governing regulation. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (standard of review). The record lacks evidence of either

3

"severe pain or suffering" or government involvement or endorsement. *See* 8 C.F.R. § 208.18(a)(1).

We also deny the petition for review of the agency's denial of continuance, because the decision does not constitute an abuse of discretion. *Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019) (standard of review). The agency acted within its discretion in deciding that petitioners did not show good cause as required by 8 C.F.R. § 1003.29. The Board took note that for more than a year, Guardado did not contact her attorney to prepare her case despite an immigration judge's warning that the merits hearing would not be continued absent exceptional circumstances. Further, Guardado only requested a general permission to gather more supporting documents, but did not specify the nature of the documents she sought to introduce.

Our conclusion remains the same even considering the possibility of Jorge and Jennifer's Special Immigrant Juvenile Status applications. Even assuming they were eligible for that status, Guardado's unreasonable delay in submitting applications to the U.S. Citizenship and Immigration Services justified the agency's denial of the motion for continuance.

**PETITION DENIED**.