NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAYRA BEATRIZ CASTELLON DE
ALFARO,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No. 22-434

Agency No.
A213-079-791

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 27, 2024
Pasadena, California

Before: GRABER, IKUTA, and FORREST, Circuit Judges.

Mayra Beatriz Castellon De Alfaro, a native and citizen of El Salvador,
petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her
appeal from the immigration judge's (IJ) denial of her applications for asylum,
withholding of removal, and protection under the Convention Against Torture
(CAT). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

remand for further proceedings before the agency.

"Where, as here, the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, we limit our review to the BIA's decision, except to the extent that it expressly adopted the IJ's opinion." *Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019) (internal quotation marks omitted) (quoting *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019)).

**1. Asylum.** The BIA determined that Castellon De Alfaro was not entitled to asylum for three reasons: (1) Castellon De Alfaro's proposed social groups are not cognizable, (2) Castellon De Alfaro failed to establish that the Salvadoran government was unable or unwilling to control her husband and protect her from his abuse, and (3) Castellon De Alfaro failed to establish that she could not reasonably relocate within El Salvador. Castellon De Alfaro challenged all three grounds of the agency's decision, but the government defended only the agency's unwilling-or-unable finding. Thus, we address only this issue. *See De Leon Lopez v. Garland*, 51 F.4th 992, 1004 (9th Cir. 2022) (declining to consider issues that the government waived by "fail[ing] to raise [them] in its answering brief" (citation omitted)).

"[O]ur law is clear that the agency, and we, upon review, must examine all the evidence in the record that bears on the question of whether the government is unable or unwilling to control a private persecutor." *Bringas-Rodriguez v.*

2

*Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017) (en banc). While the BIA need not "discuss each piece of evidence submitted" by an applicant, its "decision cannot stand" if "there is any indication that [it] did not consider all of the evidence before it." *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). "[M]isstating the record and failing to mention highly probative or potentially dispositive evidence" is an indication that the BIA "did not consider all of the evidence." *Id.*

Here, even though the IJ "found that the vast majority of the time, [Castellon De Alfaro] took no action against her husband because of a well-justified fear of harm and the controlling machismo culture" and that police were slow to respond when Castellon De Alfaro called for help after she moved to her brother's house, the BIA concluded that the IJ did not clearly err in finding that "the evidence does not indicate that the government was unable or unwilling to protect [Castellon De Alfaro]." In reaching this conclusion, the BIA failed to address highly probative evidence relevant to the Salvadoran law enforcement's willingness to undertake efforts to prevent Castellon De Alfaro's husband from abusing her.

Castellon De Alfaro credibly testified that, when she called the police, officers laughed at her injuries, stated that her husband's abuse was "normal," and did not take any police reports. She also testified that the police do not "protect [women]" in El Salvador, and she submitted multiple country reports corroborating her testimony. For example, a 2016 report states that "[s]trong discriminatory

3

biases against women remain pervasive among judicial officials, police, prosecutors, doctors and other actors involved in enforcing operative laws." The report further recounts that, when Salvadoran women disclose sexual assault, the police "d[o] not follow up on the investigation." Additionally, one of Castellon De Alfaro's experts explained that police officers "typically presume that a woman victim of violence deserved her injuries, or that her male aggressor acted within his rights" by "beating her." By not mentioning any of this evidence, the BIA's decision "cannot stand" because it indicates that the BIA "did not consider all of the evidence before it." *Id.* Although there is a presumption that the BIA reviewed all the information in the record, *see Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000), the BIA's failure to address this highly probative evidence rebuts the presumption. Therefore, we remand for the BIA to reconsider Castellon De Alfaro's asylum claim based on the full record. *Cf. id.* at 773 (remanding for reconsideration where the agency "failed to give reasoned consideration to the potentially dispositive testimony of [the petitioner's] two experts"); *Antonio v. Garland*, 58 F.4th 1067, 1078 (9th Cir. 2023) (remanding for reconsideration where the agency failed to consider evidence relevant to whether the government was unable or unwilling to prevent persecution).

On remand, the BIA may not rely on the waived issues to deny her claim. *See United States v. McEnry*, 659 F.3d 893, 902 (9th Cir. 2011) (government

4

waives arguments not raised in its answer brief).

**2. Withholding of Removal.** The BIA denied Castellon De Alfaro's withholding of removal claim based on its finding that she failed to establish eligibility for asylum. Because we remand the asylum claim, we also remand the withholding of removal claim.

**3. CAT Protection.** The BIA denied Castellon De Alfaro relief because she failed to show that the "Salvadoran government would acquiesce to the abuse by [her] husband." We also remand this claim for the same reasons that we remand Castellon De Alfaro's asylum claim. The evidence that the BIA failed to consider is probative of Castellon De Alfaro's claim that Salvadoran officials would acquiesce in her torture at the hands of her husband and must be considered by the agency. *Cole*, 659 F.3d at 771, 773; *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010).

**PETITION GRANTED; REMANDED.**