**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LISANDRO GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-2192<br><br>Agency No.<br>A092-065-799<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 12, 2024[**]
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and MOLLOY, District
Judge.[***]

---

       [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

       [***]      The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

Petitioner Lisandro Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeal's ("BIA") dismissal of his appeal of an Immigration Judge's ("IJ") denial of his request for a continuance of a hearing on his application for deferral under the Convention Against Torture ("CAT"). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA has not "expressly adopted the IJ's opinion," we "limit our review to the BIA's decision." *Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019). We review the denial of a continuance for abuse of discretion. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review questions of law de novo and findings of fact for substantial evidence. *Id*. We deny the petition for review.

The agency did not abuse its discretion by denying Gonzalez's request for a continuance. Under 8 C.F.R. § 1003.29, an IJ "may grant a motion for continuance for good cause shown." The regulations do not define "good cause." There are no "bright-line rules" for deciding whether a denial of a continuance is an abuse of discretion. *Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988). Rather, the issue "must be resolved on a case by case basis." *Id*.

In assessing the denial of a motion for a continuance, we consider several factors, including: "(1) the importance of the evidence, (2) the unreasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008); *see also Ahmed*, 569 F.3d at 1012. The agency need not "expressly address" all of the factors so long as it "sufficiently outline[s] why good cause did not exist." *Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019). Here, the agency sufficiently outlined its reasons for denying the continuance and did not abuse its discretion.

First, Gonzalez has not specifically identified or tendered the evidence he planned to research if granted a continuance. The agency is "not required to grant a continuance based on . . . speculations." *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011). Therefore, on appellate review, the first factor weighs against Gonzalez.

Second, even though he faced barriers as a detained, pro se litigant, Gonzalez received clear instructions from the IJ about the timeline and requirements for preparing his CAT claim. *See, e.g., Biwot v. Gonzales*, 403 F.3d 1094, 1098-99 (9th Cir. 2005) (explaining immigration law and regulations are "a labyrinth that only a lawyer could navigate" and recognizing that incarceration

3

"increases the difficulty of contacting prospective attorneys"). He had three months to gather evidence from the time he was first instructed about his eligibility for CAT relief, and gathered no evidence in that time. We have upheld the denial of a continuance for petitioners who received less time to prepare. *Singh*, 638 F.3d at 1273-74 (one three-and-a-half week continuance). This factor weighs against him.

Third, there was no evidence of inconvenience to the court. The Department of Homeland Security did not oppose a continuance during the hearing, and the agency made no finding of inconvenience. *See Ahmed*, 569 F.3d at 1013 (government's lack of objection to a continuance weighs in favor of granting). Therefore, the third factor weighs in favor of granting the continuance.

Finally, the fourth factor weighs against granting a continuance because Gonzalez was granted several prior continuances. Gonzalez's hearing was continued four times over two months for Gonzalez to find an attorney. His case was then continued five times from January 12, 2023 through April 24, 2023. Four of these continuances were granted for Gonzalez to prepare his CAT application, although three were also granted to allow the government time to investigate Gonzalez's murder conviction records. We have held that denying a continuance was justified in situations where the petitioner received far fewer prior

4

continuances.  *See, e.g., Singh*, 638 F.3d at 1273-74 (one continuance); *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 949 (9th Cir. 2021) (one continuance).  Because Gonzalez was granted several prior continuances, this factor weighs against granting a continuance.

Thus, considering the *Cui* factors, the agency did not abuse its discretion in denying a continuance.  The agency did not expressly address all four factors in its decision, but sufficiently outlined why there was not good cause to grant a continuance given the time Gonzalez had to prepare and the prior continuances granted.

**PETITION DENIED**.